## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**RYAN BLAKE STEVENSON,**

     **Plaintiff,**

**vs.**                              **CIVIL ACTION NO. 1:21-CV-00625**

**LISA DAVIS CLARK, Family Court Judge,**
**DEREK C. SWOPE, Circuit Court Judge,**
**JULIE BALL, Circuit Clerk,**

     **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court are ***Defendants Judge Swope and Judge Clark's Motion to Dismiss*** (ECF No. 11) and ***Defendant Julie Ball's Motion to Dismiss*** (ECF No. 14). By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint, the pleadings of record and the pertinent legal authorities, the undersigned concludes Defendants' Motions to Dismiss should be granted for the reasons stated *infra*.

### Plaintiff's Factual Allegations

On December 1, 2021, Plaintiff, acting *pro se*, [1] filed his Complaint (ECF No. 1), asserting entitlement to relief under 42 U.S.C. § 1983 alleging violation of his rights under the "fifth, fourteenth admendment(s) [*sic*], Article I, Section 9 and 10". Plaintiff alleges the events giving rise to his claims occurred in the Mercer County Family and Circuit Courts, on February 4, 2011,

---

[1] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

February 8, 2011, December 9, 2019, February 26, 2021, May 4, 2021, and May 6, 2021. (Id. at 5)

For his first claim, "Claim #1", Plaintiff appears to take issue that Defendant Family Court Judge Clark had indicated she was "familiar" with his case, although Plaintiff does not recall having appeared before her prior to February 8, 2011, when his case was transferred to her from another family court judge. (Id. at 6) Plaintiff appears to suggest that his due process rights were violated when "a letter was sent to my physical instead of my mailing address so it was returned to sender[.]" (Id.) Plaintiff alleges that he "filed first" on February 4, 2011 and was "deprived from seeing my new born daughter" for "almost a month" but sometime later Defendant Family Court Judge Clark let Plaintiff see his daughter for two hours a week, but was still "depriving" him from "being able to nurture and bond" with his daughter. (Id.) Additionally, Defendant Circuit Clerk Ball "affixed her seal to said orders." (Id.)

For his second claim, "Claim #2", Plaintiff alleges that Defendant Family Court Judge Clark again deprived him from having contact with his daughter on December 9, 2019 based on a "proffer of false allegations" from his daughter's mother's lawyer during an "ex-parte hearing"; Plaintiff indicates that this deprived him of due process. (Id. at 7) Plaintiff alleges that Defendant Family Court Judge Clark entered a final order on March 9, 2020, which was appealed and remanded back to the family court, but then Defendant Family Court Judge Clark entered another final order on February 26, 2021, again "depriving me of being a father to my daughter and life, liberty . . . ." (Id.)

For his third claim, "Claim #3", Plaintiff alleges that on May 4 and 6, 2021, Defendant Circuit Court Judge Swope affirmed Defendant Family Court Judge Clark's order. (Id. at 8) Plaintiff alleges that he was not given a trial by jury as he requested in his appeal, and that

Defendant Circuit Court Judge Swope "aided in depriving me from being a father to my daughter, as well depriving me of due process, causing my son, other daughters and family much pain, as well as depriving them of life, liberty and p[ur]suit o hap[p]iness." (Id.)

Plaintiff's alleged injuries include: explaining to his other children when his daughter will be coming back; having his heart broken from "missing my daughter"; having been emotionally harmed by "defendants abuse of power"; and "stressed to the max thinking of my daughter's safety, chest pains, deprived of life, liberty, and happiness." (Id. at 9) For relief, Plaintiff asks that "the allienation [sic] from my daughter be stopped" for both himself and his family, that "a DVP that is based on false allegations" be removed, as well as ten million dollars in punitive damages for the harm and stress caused by Defendants. (Id.)

### Procedural History

On December 1, 2021, Plaintiff, proceeding pro se, filed his Complaint (ECF No. 1). Following service of same, on December 28, 2021, Defendants Family Court Judge Clark and Circuit Court Judge Swope filed their Motion to Dismiss and supporting Memorandum of Law and served same upon Plaintiff (ECF Nos. 11, 12). On December 29, 2021, the undersigned issued a Roseboro notice[2] to Plaintiff to respond to Defendants' motion by January 31, 2022 (ECF No. 13). On January 3, 2022, Defendant Circuit Clerk Ball filed her Motion to Dismiss and supporting Memorandum of Law and served same upon Plaintiff (ECF Nos. 14, 15). Subsequently, the undersigned issued another Roseboro notice to Plaintiff to respond to this Defendant's motion by January 18, 2022 (ECF No. 17).

---

[2] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); because Plaintiffs are acting pro se, the Court issued its Order notifying Plaintiffs of their right to file a response to Defendants' Motion and further ordered that Plaintiffs file any response with the Clerk of this Court.

On January 18, 2022, Plaintiff filed his "Response" in opposition to Defendant Circuit Clerk Ball's motion (ECF No. 18) as well as an "Affidavit of Truth with Attached Exhibits; and Memorandum of Law" in support of his complaint (ECF No. 19).[3] Plaintiff's Exhibits are redacted copies of an emergency domestic violence protective order filed against Plaintiff in the Magistrate/Family Court of Mercer County, West Virginia on February 1, 2011 (ECF Nos. 21, 21-1, 21-2, 21-3). On January 25, 2022, Defendant Circuit Clerk Ball filed her Reply in Support of her Motion to Dismiss (ECF No. 22)

On January 31, 2022, Plaintiff filed his "Response and Objections to Defendants Lisa Davis Clark and Derek C. Swope Motion to Dismiss", "Affidavit of Truth, Memorandum of Law, and Exhibits in Support of Plaintiff Ryan Blake Stevenson Response and Objections to Defendants Motion to Dismiss" (ECF Nos. 23, 24), including exhibits that appear to be copies of Plaintiff's appeals to the Mercer County Circuit Court, dated December 19, 2019 and March 26, 2021, from orders entered by the Mercer County Family Court (ECF No. 24-1). On February 7, 2022, Defendants Family Court Judge Clark and Circuit Court Judge Swope filed their Reply in Support of Motion to Dismiss (ECF No. 25).

On February 8, 2022, Plaintiff filed a "Response and Objection to Defendant, Julie Ball's Reply" (ECF No. 26) and an attached exhibit (ECF No. 26-1).[4]

Accordingly, this matter has been fully briefed and ready for resolution.

## Defendants Clark and Swope's Argument for Dismissal

---

[3] Upon review, finding that Plaintiff attempted to redact sensitive or confidential portions contained in his supporting exhibits, the undersigned had the Clerk seal same and file the redacted copies for public access (ECF No. 20).

[4] Although Plaintiff failed to comply with this District's Local Rules prohibiting the filing of surreply memoranda without leave of Court (see L.R. Civ. P. 7.1(a)(7)), given Plaintiff's pro se status, the undersigned considered same in the spirit of Haines v. Kerner, *supra*.

These Defendants argue that from a fair reading of Plaintiff's allegations against them, as judicial officers acting in that capacity, they enjoy absolute immunity from suits brought under Section 1983. (ECF No. 12 at 3-5) Additionally, these Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's claims due to the application of Eleventh Amendment immunity. (Id. at 5-6) Even under the three narrow exceptions to Eleventh Amendment immunity, first, neither Defendant has waived immunity nor consented to this suit, second, there has been no act of Congress authorizing this suit, and third, because Plaintiff seeks damages for alleged past misconduct, which both Defendant deny because neither has violated any federal law, both Defendants are still shielded from liability by the Eleventh Amendment's sovereign immunity (Id. at 6-10).

**Plaintiff's Response in Opposition to Defendant Clark and Swope's Argument**

Plaintiff asks this Court to deny these Defendants' motion to dismiss (ECF No. 23), and argues that these Defendants failed to "be true to their Oaths of Office" and infringed upon his constitutional and fundamental rights. (ECF No. 24) Plaintiff asserts that he did not consent to the orders entered by the courts, that Defendants acted in bad faith, and that Plaintiff's rights to due process and to be heard before a jury of his peers were denied. (Id.) Plaintiff points out that the United States Supreme Court recognized that a parent's interests in his children and is protected under the Constitution. (Id.) Plaintiff disputes that Defendants Clark and Swope are immune from his claims. (Id.) In addition to punitive damages, Plaintiff now requests injunctive relief. (Id.)

**Defendant Clark and Swope's Reply**

Defendants contend that Plaintiff failed to address their arguments regarding qualified immunity and immunity for judicial officers, and therefore has conceded the issue. (ECF No. 25 at 1-2) Plaintiff does not identify what federal law these Defendants violated for purposes of

alleging an exception to Eleventh Amendment immunity. (Id. at 2) Despite Plaintiff's claims of due process and right to jury trial violations, these Defendants argue that his due process rights were adequately protected by the family court and that Rule 31 of the West Virginia Rules of Practice and Procedure for Family Court do not entitle Plaintiff to oral argument or a jury trial for appeals from family court. (Id. at 3-4) When Defendant Swope upheld the family court order, Plaintiff's remedy would have been to appeal to the West Virginia Supreme Court of Appeals, but he failed to pursue this action, therefore he cannot cure this failure here. (Id. at 4) Finally, West Virginia law does not require a family court judge to obtain consent of a party to hear a case, only that the court must have subject matter jurisdiction and jurisdiction of the parties; given that Defendant Clark heard matters concerning the custody of Plaintiff's daughter as set forth in W. Va. Code § 51-2A-2, this Defendant had jurisdiction over the matter and did not require Plaintiff's consent to enter a valid order. (Id. at 4-5)

## Defendant Ball's Argument for Dismissal

Defendant Ball points out that Plaintiff's only allegation against her is that she affixed her seal to a family court order, which is insufficient to plead a Fourteenth Amendment procedural due process violation; Defendant Ball has a mandatory nondiscretionary duty to record court orders pursuant to West Virginia statute. (ECF No. 15 at 2-4) Defendant Ball also argues that since Plaintiff seeks a federal court to review or reject a state court judgment, federal court jurisdiction is foreclosed under the Rooker-Feldman Doctrine. (Id. at 5-6) Finally, since Plaintiff's allegations against Defendant Ball occurred on February 8, 2011, and this suit was not filed until December 1, 2021, his claims against this Defendant are beyond the statute of limitations. (Id. at 6)

## Plaintiff's Response in Opposition to Defendant Ball's Argument

Plaintiff asks this Court to deny Defendant Ball's motion to dismiss (ECF No. 18) and states that Defendant Ball "accepted and filed fraudulent, fabricated and forged documents" and refers to the numerous exhibits he attached to his response in opposition (ECF No. 19) Plaintiff denies the summary of his allegations contained in Defendant Ball's motion to dismiss and that Defendant Ball "acted with malice towards me[.]" (Id.) Plaintiff suggests that equitable tolling suspended the statute of limitations due to his "excusable ignorance of the limitations period and on the lack of prejudice to the defendant[.]" (Id.)

### Defendant Ball's Reply

Since Plaintiff failed to address Defendant Ball's arguments in her motion, Plaintiff has conceded to them, and the Court should consider he has abandoned his claim. (ECF No. 22 at 1-2) Plaintiff's procedural due process claim fails as a matter of law because *ex parte* emergency domestic violence protection orders do not violate the due process clause; regardless, Plaintiff was afforded a hearing shortly after entry on the emergency domestic violence protection order. (Id. at 3) This Defendant is an improper party for this claim, as she lacks the power to enter such orders, but only to record them. (Id. at 4) As the statute of limitations period for Section 1983 claims are borrowed from state law, Plaintiff had two years to file this action; to the extent he claims ignorance of same, by his own pleadings, he clearly knew an emergency domestic violence protection order was entered against him on February 1, 2011, he admitted to appearing at the subsequent hearing on February 8, 2011, and he was aware during that time that his custodial or visitation rights to his daughter had been limited by court order. (Id. at 5-6) In his response, Plaintiff raises a new allegation that Defendant Ball "accepted and filed fraudulent, fabricated, and forged documents" without any factual explanation for same, which is insufficient to state a claim for which relief can be granted, therefore this Court should not consider it. (Id. at 6-7) Regardless,

Plaintiff's newest allegation against Defendant Ball only reinforces her argument that he seeks review of a state court judicial proceeding which is impermissible under the Rooker-Feldman Doctrine. (Id. at 7)

### Plaintiff's Response to Defendant Ball's Reply

Once again, Plaintiff has filed a response and objections to Defendant Ball's motion to dismiss and her reply in further support thereof. (ECF No. 26) Plaintiff asserts that he has not abandoned his claim; that the tolling doctrine suspends the statute of limitations; that the exhibits (ECF No. 26-1) he attached are evidence that the documents filed in court were "fraudulent and fabricated"[5]; and that he objects to Defendant Ball's reply and asks whether her "statements been signed by her and under penalty of perjury?" (ECF No. 26 at 1)

### The Standard of Review

A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable

---

[5] Once again, Plaintiff has submitted copies of the emergency domestic violence protection order/petition filed on February 1, 2011, although now Plaintiff included a sealed and signed verification that the copies of the foregoing documents are "a true and exact copy of the entire file from the records of my office as the same exist therein" by Defendant Ball, as the Clerk of the Circuit Court of Mercer County, West Virginia. (ECF No. 26-1 at 1)

opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[6], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

Moreover, Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." Fed.R.Civ.P. 8(a)(2). Rule

---

[6] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

The required "short and plain statement" must provide " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), *overruled on other grounds*, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id. The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Application of the Rule 12(b)(6) standard also requires that the court " 'accept as true all of the factual allegations contained in the complaint....' " Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[ ] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

**Discussion**

As an initial matter, the undersigned acknowledges Defendants' contentions that since Plaintiff failed to address or directly respond to the arguments raised in their respective motions, he has effectively waived or abandoned his claims as they relate to those arguments. Qayyum v. U.S. Airways, Inc., 2008 WL 4879401, at *3 (S.D.W. Va. Nov. 12, 2008) (Chambers, J.) (plaintiff abandoned her Section 1983 claim for failure to address defendant's argument that she had not alleged an action under color of law); Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D. Md. Oct. 6, 2010) (by failing to respond to defendant's argument that plaintiff's discriminatory discharge claim should be dismissed, plaintiff abandons any discriminatory discharge claim). Nevertheless, as noted above, given Plaintiff's *pro se* status, the undersigned opted to liberally construe Plaintiff's responses to Defendants' pleadings in this action.

Lack of Subject Matter Jurisdiction:

As noted *supra*, Plaintiff has alleged that a family court judge, a circuit court judge, and a circuit court clerk violated his constitutional rights pursuant to 42 U.S.C. § 1983[7] through state court orders that curtailed his custodial and/or visitation rights to his infant daughter beginning in February 2011 by way of proceedings concerning an emergency domestic violence protection order.

Federal courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction

---

[7] 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. at 685. To state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[8]

Plaintiff asserts that he is a Virginia resident and that each of the named Defendants herein reside in West Virginia; in addition to the ten million dollars requested for relief, it is reasonable to assume that Plaintiff satisfies Section 1332 criteria. Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an

---

[8] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983). Alternatively, Plaintiff's Complaint can also be construed as an attempt to proceed under Section 1331 because he claims that he was denied due process by Defendants having removed his infant daughter from his custody and care through legal proceedings in the Mercer County Family and Circuit Courts.

Nevertheless, the undersigned finds that Plaintiff's Complaint is improperly before this Court and should be dismissed for a number of reasons – perhaps especially since Plaintiff's claims are couched specifically as challenges to state court judgments, and to the extent that he is asking this Court to override the decrees issued by the Mercer County Family Court and Circuit Court, this Court lacks jurisdiction over such claims pursuant to the Rooker-Feldman Doctrine.[9] To be barred by this Doctrine, "the injury complained of must be caused by the state court decision itself; it cannot simply be a prior injury that the state court failed to remedy." Field Auto City, Inc. v. General Motors Corp., 476 F.Supp.2d 545, 551 (E.D. Va. 2007) (citing Davani v. Virginia Dep't of Transportation, 434 F.3d 712, 718 (4th Cir. 2006). In short, the Doctrine applies where "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466, 126 S.Ct. 1198, 1202, 163 L.Ed.2d 1059 (2006); see also, Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006).

Moreover, to the extent that Plaintiff's state court proceedings are ongoing, given his allegation that he is aggrieved by more recent state court orders from May 2021, and he has presented a history that these proceedings have been returning to the state courts over a ten-year period, this Court should abstain from exercising subject matter jurisdiction over his claims

---

[9] The Rooker-Feldman Doctrine mandates that lower federal courts generally do not have jurisdiction to review decisions by state courts, including any federal claims connected thereto that are inextricably intertwined with the state court decisions. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

pursuant to the <u>Younger</u>-abstention Doctrine. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "Under the <u>Younger</u>-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." <u>Hawaii Housing Auth. v. Midkiff</u>, 467 U.S. 229, 237-238 (1984). The Fourth Circuit has recognized that "<u>Younger</u> abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." <u>Employers Resource Management Co., Inc. v. Shannon</u>, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). The <u>Younger</u> abstention has been extended to civil litigation including child-welfare and child-custody proceedings. <u>Moore v. Sims</u>, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

<u>Immunity from Suit</u>:

Because Plaintiff's Complaint concerns a Section 1983 claim, such claims typically fail because states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 117, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984); <u>Westinghouse Elec. Corp. v. West Virginia Dept. of Highways</u>, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The Eleventh Amendment prohibits individuals from bringing suit against states and state agencies in federal court. See <u>Bd. of Trs. of Univ. Ala. v. Garrett</u>, 531 U.S. 356, 361, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) ("The ultimate guarantee of

the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." (internal citations omitted).

However, in this case, Plaintiff is not suing these Defendants in their "official" capacities, but in their "individual" capacities (See ECF No. 1 at 3-4), thus, the Eleventh Amendment would not necessarily bar this action. See, e.g., Wood v. Rubenstein, 2013 WL 5504143, at *9 (N.D.W. Va. Oct. 1, 2013). Regardless, a liberal interpretation of Plaintiff's claims demonstrates a clear challenge to these Defendants' *official* acts.

In any event, it is significant that as Plaintiff's claims relate to Defendants Family Court Judge Clark and Circuit Court Judge Swope, federal courts have long recognized that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, __ S.Ct. __, 20 L.Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed.Appx. 372, 372 (4th Cir. 2006) (quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

Based upon Plaintiff's allegations against Defendants Family Court Judge Clark and Circuit Court Judge Swope, the undersigned finds that both are absolutely immune from suit. Plaintiff has argued that these Defendants violated his constitutional rights simply by presiding over emergency domestic violence protection proceedings and by entering orders governing child custody and visitation as a result. As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Plaintiff also does not dispute that these Defendants lacked jurisdiction over the matters presented before them. Accordingly, the undersigned respectfully recommends that Plaintiff's claims be dismissed because these particular Defendants are entitled to absolute immunity.

Regarding Defendant Circuit Clerk Ball, Plaintiff's *de minimis* factual allegations against her is that she affixed her seal to a decree issued by Defendant Family Court Judge Clark in February 2011. This act is clearly within Defendant Circuit Clerk Ball's official duties under West Virginia law. See Syl. Pt. 1, Humphrey v. Mauzy, 155 W. Va. 89 (1971) ("As a general rule, the clerk of a circuit court has a mandatory, nondiscretionary duty to record in the appropriate civil order book in her office a final judgment order entered in a civil action and endorsed for entry by the signature of the judge of the court"); Rutledge v. Workman, 175 W. Va. 375 (1985) (holding that the judicial article governing courts that clerk of circuit court subject to direction and control of circuit court of county in which she serves or of chief judge of that county's circuit court with regard to court-related duties); see, e.g., W. Va. Const. Art. 8, §§ 10-15. Therefore, Plaintiff's claims against this Defendant are also barred, as she appears to enjoy quasi-judicial immunity in the performance of her official duties. Ross v. Baron, 493 Fed.Appx. 405, 406 (4th Cir. 2012) ("a court clerk is generally entitled to quasi-judicial immunity"); Hutcherson v. Priest, 2010 WL 723629, at *2 (W.D. Va. Feb. 26, 2010) (finding clerk of court entitled to quasi-judicial immunity

as in all times relevant to case was acting in his role as clerk); Booker v. Shearouse, 2019 WL 612221, at *5 (D.S.C. Jan. 2, 2019) (court clerk entitled to quasi-judicial immunity as clerks are part of unified judicial system).

Even if Defendants Family Court Judge Clark and Circuit Court Judge Swope are not entitled to absolute judicial immunity, or in Defendant Circuit Clerk Ball's case, quasi-judicial immunity, qualified immunity shields them as public officials from personal liability for the performance of their official duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995).

While Plaintiff's allegations against Defendants fail to establish a constitutional violation, it is notable that the Fourth Circuit recognized that though the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process", this is "neither absolute nor unqualified." See Hodge v. Jones, 31 F.3d 157, 163 (4th Cir. 1994) (internal citations omitted). The "right to familial integrity is 'amorphous' in many cases" Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 506 (4th Cir. 2003) (quoting Hodge, 31 F.3d at 164), "[t]he contours of the right to familial integrity may not be 'sufficiently clear' in certain situations, to be deemed 'clearly

established' as required." Id. (internal citations omitted). Therefore, a public official will not be held liable for "bad guesses in gray areas" where parental rights are concerned. Id. (*quoting* Maciariello v. City of Lancaster, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1048, 122 L.E.2d 356 (1993).

Because Plaintiff fails to establish facts indicating that these Defendants engaged in any intentional misconduct, let alone any negligent conduct[10] that resulted in the restriction of his custodial rights, Plaintiff's claim fails, and these Defendants would at minimum be entitled to qualified immunity. See, generally, Martin, 346 F.3d at 507.

Rule 8 of the Federal Rules of Civil Procedure:

Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint and subsequent pleadings do not comply with Rule 8(a), as they fail to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed Plaintiff's allegations, the undersigned acknowledges that he disagrees with the Mercer County Family Court having curtailed his custodial rights following a hearing on an emergency petition for domestic violence protection. Despite his allegation that "a proffer of false allegations from Gerald Hayden attorney for my daughter's mother" and to the extent he alleges the documents

---

[10] Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property).

recorded by Defendant Circuit Clerk Ball were somehow fraudulent, nowhere does Plaintiff explain these falsehoods, but instead relies only upon "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. at 45–46.

Plaintiff does not allege any specific facts with respect to any of the named Defendants that support any claim for which Plaintiff would be entitled to relief. Moreover, Plaintiff's Complaint is not salvageable even if he was permitted to amend it in the spirit of Denton v. Hernandez, *supra*.

Statute of Limitations Implications:

It is well-known that a plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, federal courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-250,

109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4ᵗʰ Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury claim is two years from the time the cause of action accrued. See W. Va. Code § 55-2-12(c).[11] Although the limitation period is borrowed from state law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4ᵗʰ Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4ᵗʰ Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996) (citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.' " Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4ᵗʰ Cir. 1992)).

Regarding Plaintiff's "Claim #1" (ECF No. 1 at 6), he alleges events that gave rise to this claim occurred in February 2011. As this is the only claim alleged against Defendant Circuit Clerk Ball, and as clearly evident here, Plaintiff did not file this action until December 2021 – well over

---

[11] West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

ten years after this claim accrued. Notwithstanding Plaintiff's "excusable ignorance" of the applicable statute of limitations (ECF No. 19 at 2), his own pleadings and supporting exhibits belie this assertion – he was very much aware of the alleged harms done in February 2011. Indeed, he remained aware of the custody issue in December 2019, March 2020, and again in May 2021 as Plaintiff himself appealed the Family Court's custodial decrees to the Circuit Court.

In any event, to the extent Plaintiff's alleged due process violation claim can be construed as a complaint against the *ex parte* issuance of the emergency domestic violence protection order without notice of hearing, again, Plaintiff's own allegations belie this claim – he was present during the hearing on February 8, 2011 before Defendant Family Court Judge Clark (ECF No. 1 at 6). Moreover, this Court has previously determined that under such circumstances, an individual's procedural due process rights are not violated. See United States v. Chapman, 2010 WL 2403791, at *4 (S.D.W. Va. Jun. 14, 2010) (Chambers, J.)

Plaintiff's Remaining Claims Fail as a Matter of Law:

Regarding Plaintiff's "Claim #2" (ECF No. 1 at 7) which concerns his allegations of denial of due process because another alleged *ex parte* hearing occurring on December 9, 2019 before Defendant Family Court Judge Clark that Plaintiff alleged he "was not notified of", as determined *supra*, Plaintiff's procedural due process rights were not violated. Indeed, Plaintiff again has shown this Court that not only did he appeal the order from that hearing (See ECF No. 24-1 at 1), he appeared at a subsequent hearing on February 9, 2021, albeit "TELEPHONICALLY" (Id. at 2) (emphasis in original), but he also appealed the final orders from that hearing as well (Id. at 2, 7-11). Moreover, Plaintiff's allegation that he did not "consent" to the orders entered by Defendant Family Court Judge Clark (Id. at 1-2) is of no moment: there is no dispute that the proceedings before this particular Defendant pertained to questions regarding Plaintiff's custody of his

daughter. Pursuant to W. Va. Code § 51-2A-2[12], Defendant Family Court Judge Clark properly had jurisdiction over the matter, the lack of Plaintiff's consent to her entry of a valid court order notwithstanding. Further, Plaintiff does not dispute the fact that this Defendant had jurisdiction over the matters before her.

As for Plaintiff's "Claim #3" (ECF No. 1 at 8), Plaintiff's allegations of due process violations from not being permitted an oral argument or a jury trial in the Mercer County Circuit Court concerning his appeals from Defendant Family Court Judge Clark's final orders once again fall short. Plaintiff has repetitively filed numerous exhibits with this Court that show he had appeared at multiple hearings in the family court. See Blake v. Blake, 172 W. Va. 690, 692 (1983) ("due process entitles [a parent] to a hearing on the question of whether further visitation would be in the best interests of the child.") Additionally, as noted by the jurist Defendants, Rule 31 of the West Virginia Rules of Practice and Procedure for Family Court does not explicitly provide for oral argument or jury trial in the event an appeal from a family court order is filed – the circuit court is only obliged to "enter an order refusing the petition for appeal within 60 days from the last day a response to the petition for appeal could have been filed[.]" Because Plaintiff has shown that he filed his appeal on March 26, 2021 (See ECF No. 24-1 at 7-11), and alleged that Defendant Circuit Court Judge Swope "affirmed the Family Court, Lisa Clark Order" on May 4, 2021 and May 6, 2021 (ECF No. 1 at 8), Defendant Circuit Court Judge Swope clearly complied with the pertinent rules governing appeals from family court orders. Whether Plaintiff chose to avail

_____

[12] W. Va. Code § 51-2A-2 provides in relevant part
(a) The family court shall exercise jurisdiction over the following matters:

> (6) All actions for the establishment of a parenting plan or other allocation of custodial responsibility or decision-making responsibility for a child, including actions brought under the Uniform Child Custody Jurisdiction and Enforcement Act, as provided in § 48-20-1 *et seq.* of this code;
> (7) All petitions for writs of habeas corpus in which the issue contested is custodial responsibility for a child;
> (8) All motions for temporary relief affecting parenting plans or other allocation of custodial responsibility or decision-making responsibility for a child, child support, spousal support or domestic violence;
> (12) All final hearings in domestic violence proceedings;

himself to the next step of the appeals process, that is, appeal the circuit court's final order to the West Virginia Supreme Court of Appeals, has no bearing on the fact that Plaintiff's due process rights were not violated.

Injunctive Relief:

While Plaintiff is also seeking injunctive relief, to the extent that he wants "for the alienation [*sic*] from my daughter to be stopped" and to "help remove a DVP that is based only on false allegations" (ECF No. 1 at 9; ECF No. 24 at 3), courts have long recognized that such extraordinary remedies may only be used sparingly and in limited circumstances. See, e.g., Sarsour v. Trump, 245 F.Supp.3d 719 (E.D. Va. Mar. 24, 2017). To prevail on such a remedy, Plaintiff bears the burden to establish that (1) he is likely to succeed on the merits of his case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest. See Fed. R. Civ. P. 65. As demonstrated above, this Court can exercise no jurisdiction over the parties and matters raised in Plaintiff's Complaint, therefore, this Court is unable to provide injunctive relief in accordance with Plaintiff's request. Since there has been no appreciable showing that such an extraordinary remedy would be in the public interest, or that Plaintiff is likely to succeed on the merits of his case, Plaintiff's request to override the state courts' valid orders governing his custodial rights over his daughter must be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (ECF Nos. 11, 14) **DISMISS** Plaintiff's Complaint (ECF No. 1) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff and to counsel of record.

ENTER: February 22, 2022.



Omar J. Aboulhosn
United States Magistrate Judge