```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

RYAN BLAKE STEVENSON,

    Petitioner,

v.                                     CIVIL ACTION NO. 1:21-00625

LISA DAVIS CLARK, Family Court Judge,
DEREK C. SWOPE, Circuit Court Judge,
JULIE BALL, Circuit Clerk,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 22, 2022, in which he recommended that the court grant defendants' Motions to Dismiss (ECF Nos. 11, 14), dismiss plaintiff's Complaint (ECF No. 1) and remove this matter from the court's docket.  (ECF No. 27.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review

by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On February 24, 2022, plaintiff filed a document titled, "PLAINTIFF'S RESPONSE AND OBJECTIONS, TO DEFENDANTS LISA DAVIS CLARK AND DEREK C. SWOPE, REPLY." (ECF No. 28.) Given its title and content, this document appears to be an attempt to file a sur-reply to the reply brief of Judges Derek C. Swope and Lisa Davis Clark (ECF No. 25.)[1] In his objections, plaintiff makes three arguments. The first is that he did not "abandon" his claim and that, as a pro se litigant, his pleadings "are to be considered without regard to technicality" and liberally construed. (ECF No. 28.). The second, in its entirety, states, "Plaintiff, Objects to: B on pg. 3, and C on pg.4." (Id.) Third, plaintiff appears to argue that judicial defendants' motion to dismiss should not be granted because they have not submitted affidavits rebutting his own affidavit "point for point." (Id.) Plaintiff asks the court to enter an order denying dismissal.

Pursuant to Federal Rule of Civil Procedure 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which

---

[1] Plaintiff appears to have attempted to file a sur-reply to the reply brief of defendant Clerk Julie Ball as well. (See ECF No. 26.)

specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v.

3

Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

Petitioner's objections do not reckon with the legal conclusions in the PF&R that his claims fail as a matter of law. In fact, the objections are not directed at the PF&R at all but, instead, at the reply brief of Judges Swope and Clark. Plaintiff did not seek leave to file a sur-reply, and such leave is **DENIED**.

Moreover, even if the court were to consider the attempted sur-reply as plaintiff's timely filed objections, they have no merit. Plaintiff's complaint against Judges Swope and Clark is an attempt to challenge their judicial rulings. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991). "The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its

protection of judicial power." McCray v. State of Md., 456 F.2d 1, 3 (4th Cir. 1972).  Plaintiff's claims against Judges Swope and Clark fail as a matter of law because they are challenges to actions by those defendants in the performance of their judicial function.

Plaintiff's complaint against Clerk Ball is a challenge to Ball affixing her seal to a family court order.  "[A] court clerk is generally entitled to quasi-judicial immunity." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012).  As explained in the PF&R, there is no reason to believe that Clerk Ball affixing her seal was an action not "taken in the discharge of h[er] lawful duties as court clerk.  See McCray, 456 F.2d at 4.  Thus, Clerk Ball is entitled to quasi-judicial immunity or qualified immunity.[2]  And regardless of immunity, there is no cause of action for a court clerk lawfully affixing her seal to an order.  Plaintiff's claim against Clerk Ball fails as a matter of law.

---

[2] In McCray, the Fourth Circuit Court of Appeals rejected the application of quasi-judicial immunity for court clerks not exercising "discretion similar to that exercised by judges," finding that the rationale for absolute immunity (the exercise of independent judicial discretion unfettered by fear of "burdensome and vexatious litigation" generally does not apply to court clerks).  456 F.2d at 3-4 (4th Cir. 1972).  But the court distinguished a situation where a court clerk simply performs her lawful duty. Id. at 4-5.  So, whether it is considered quasi-judicial immunity or qualified immunity, court clerks are immune from simply performing their lawful duties.

Because defendant waived his objections to the PF&R and because it is readily apparent that his claims must be dismissed, the court adopts the PF&R as follows:

1. Plaintiff's complaint (ECF No. 1) is **DISMISSED**; and

2. The Clerk is directed to remove this matter from the court's docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 19th day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge